IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 26-63 |
| | ) | |
| v. | ) | |
| | ) | |
| MUHAMMED KOC | ) | |
|    a/k/a "Moe" | ) | |
| OMAR ALSHMARI | ) | |
| ABRAHAM CHOUDHRY | ) | |
|    a/k/a "Abe" | ) | |
| EMIRHAN ARSLAN | ) | |
|    a/k/a "Emir" | ) | |
| ALI ALKHALEEL | ) | |
| ADEEL PIRACHA | ) | |
|    a/k/a "Adel" | ) | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER**

AND NOW, comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Carl J. Spindler, Assistant United States Attorney for said district, and respectfully requests that this Court issue a Protective Order with respect to the government's disclosure of discovery.

On March 25, 2026, a grand jury sitting in the Western District of Pennsylvania returned a seven-count Indictment, charging the above-named defendants with violations of the Hate Crime Act, Conspiracy to Obstruct the Due Administration of Justice, and Obstruction of the Due Administration of Justice pursuant to Title 18, United States Code, Sections 249(a)(1)(A) & 2, 371, and/or 1503(a).  Arrest Warrants were issued pursuant to said Indictment.

On March 30, 2026, the defendants were apprehended and taken into custody.

Given the nature of the investigation, which involves sensitive witness, victim, and grand jury information, the government believes that a Protective Order will both facilitate the discovery process while also ensuring the safety of the individuals involved in the investigation. These materials include documents reflecting information regarding potential government witnesses and

documents circumstantially reflecting the identity of witnesses and victim(s) as well as grand jury matters regarding the charged offenses. This type of material is especially sensitive, and the Government needs to protect such material from unnecessary dissemination.

Fed. R. Crim. P. 16(d)(1) permits the Court to "deny, restrict, or defer discovery or inspection" of materials provided to the defense "for good cause." The Supreme Court has sanctioned the use of protective orders, directing that, "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the United States will provide the defendants with discovery relating to the charges at issue. In addition, the United States may provide additional disclosures beyond that required by Rule 16. The material provided to defense counsel contains sensitive information that may relate to the identity of the victim and other witnesses as well as grand jury records. It is the United States' position that unredacted copies of this material do not fall within the strict dictates of Rule 16; however, the government has considered the defense's interest in reviewing evidence that substantiates the charges in the Indictment and is also sensitive to the safety and privacy concerns of the victim and witnesses and intends to provide discovery with redactions.

The government submits that the facts here support the "good cause" required for a protective order under Rule 16(d)(1) and that the enclosed Protective Order is appropriate, given the sensitive nature of the Protected Material and the totality of the circumstances in the current matter.

The relief requested herein does not deny the defendants access to the Rule 16 materials,

but instead mitigates the risk posed to perceived government witnesses by limiting the copying, display, or distribution of materials involving them. Allowing anyone to copy, display, or distribute the discovery materials increases the risk to potential witnesses and others wrongfully perceived as such.

Such an order would not impose an unreasonable burden on the defendants. Under the proposed protective order, any incarcerated defendants may review the discovery material in a secure manner while incarcerated but cannot possess any paper or hard copies that could be disseminated, and cannot photograph, copy, or otherwise duplicate, disseminate, display, or share any of the protected material. Any non-incarcerated defendants can meet with their counsel and review the discovery in the presence of defense counsel, but are similarly restricted from photographing, copying or otherwise duplicating, disseminating, displaying, or sharing any of the protected material.

Therefore, the government respectfully requests that the Court authorize the enclosed Protective Order.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ Carl J. Spindler*
CARL J. SPINDLER
Assistant U.S. Attorney
PA ID No. 325867